7131

GRANT v. CITY COUNCIL OF CHARLESTON.

CITIES AND TOWNS—ORDINANCES—INJUNCTIONS.—In an action against a city council by a merchant to enjoin it from enforcing against him an ordinance requiring the payment of compensation for inspection of meats sold by him and others, it is error to restrain him from selling meats, as he makes no question as to the right of the municipal authorities to inspect meats, but it is proper, in a proper case, to enjoin the city council from collecting the fee and to require of the plaintiff an injunction bond.

Before DANTZLER, J., Charleston, December, 1904.   Reversed.

Action by Thos. L. Grant against City Council of Charleston.   From order granting temporary injunction, plaintiff appeals.

*Messrs. John C. Miller* and *Nath. B. Barnwell,* for appellant, cite: *Temporary injunction:* 77 S. C., 81; 75 S. C., 221; 69 S. C., 554.   *Restraining order against plaintiff is beyond jurisdiction:* 75 S. C., 235; *and is a trial on merits:* 62 S. C., 220; 48 S. C., 315; 60 S. C., 559; 77 S. C., 81, 416; 67 S. C., 84; 9 S. C., 303.   *Plaintiff entitled to interlocutory order:* 66 S. C., 45; 113 U. S., 27; 66 S. C., 194; 14 Ency., 462, 464; 25 Ency., 483; 1 Dill. Mun. Corp., 168; 92 U. S., 268; 10 Ency. P. & P., 890.   *Injunction bond should have been required:* Code of Proc., 243; 51 S. C., 379.

*Mr. Geo. H. Moffet,* contra, cites: *Right to inspect:* McQuillin on Mun. Or., 439, 481. *Ordinance does not violate art. VIII, sec. 6, S. C. Constitution:* 6 S. C., 1; 21 S. C., 325; 59 S. C., 426; 39 Am. R., 273; 19 Ency., 1150; 83 Am. Dec., 741; 2 McC., 496. *Nor art. I, sec. 5, of S. C. Constitution; nor 14 Amd. Con. of U. S.:* 53 S. C., 278; 22 Ency., 937-40. *License is not contract or property:* Beach on Con., sec. 1644; 74 Fed., 765; 44 Mich., 280; McQuillin on Mun. Corp., sec. 410. *Court on rule will consider return affidavit and answer:* 69 S. C., 156.

April 9, 1909.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    On 23d February, 1904, the following ordinance was passed by the city council of Charleston: "An Ordinance to provide for the payment of the cost of inspecting fresh meat outside of the city market. Whereas, the preservation of the health of the community demands that there shall be daily inspection of fresh meat sold throughout the city, and said daily inspection is attended by expenses on the part of the city, and it is desired that the city be compensated for such extra labor and expenses,

"Be it ordained by the mayor and aldermen of the city council of Charleston, S. C., in council assembled:

Section 1. "That green grocers and other persons selling fresh meat outside of the city market shall pay to the city treasurer, on or before the first day of March, 1904, the sum of $57.20, as a compensation for such inspection by the city officials for the year 1904.    That any person or corporation failing to pay this sum to the city treasurer shall be liable to a forfeiture of his license and be subject to a penalty of $100, or imprisonment not exceeding thirty days.

Sec. 2. "That all ordinances or parts of ordinances, the provisions of which are in conflict or inconsistent with this ordinance, are hereby repealed."

The plaintiff, a green grocer doing business outside of the city market, was arrested and held to bail for his appearance before police court of the city of Charleston on the charge of failing to pay the inspection fee of $57.20. Thereupon he instituted this action to enjoin the enforcement of the ordinance, alleging it to be void on these grounds: (a) Because the entire expense of inspecting meats, both in and outside of the city market, was placed on green grocers outside of the city market alone. (b) Because it violated section 6, of article VII, of the Constitution of South Carolina, as to taxes and licenses imposed by municipalities. (c) Because the city was without power under its charter to enact such an ordinance. (d) Because it limited and abridged rights already granted in violation of the city's charter. (e) Because it violated section 5, of Article I, of the Constitution of South Carolina, and the 14th amendment of the Constitution of the United States, first, in that it provided for the forfeiture of his license without refunding the sums paid by him to the city for the same; and, secondly, in that, while purporting to be a police measure for the preservation of the health of the city, it was, in effect and reality, simply a measure for increasing the revenue of the city market and for defraying the current expenses.

On hearing the complaint and affidavit of the plaintiff, Judge Dantzler made an order requiring the city council of Charleston to show cause why it should not be enjoined from enforcing the ordinance until the trial of the cause, and restraining the city council from any further proceeding for enforcement until the hearing of the return. Thereafter, on 22d December, 1904, on hearing the return, Judge Dantzler made this order: "That until the hearing of this cause upon its merits the defendant, the city council of

Charleston, S. C., be restrained and enjoined from enforcing against T. L. Grant the provisions of an ordinance passed by defendant on 23d February, 1904; and that the plaintiff, T. L. Grant, be enjoined and restrained from carrying on the business of a green grocer—that is to say, more particularly, selling meat in the city of Charleston, until he has complied with the provisions of the said ordinance." The plaintiff appeals, alleging error in the portion of the order which enjoins him from carying on his business as a green grocer.

The inference must be that the Circuit Judge reached the conclusion that the reasons for assailing the ordinance were of sufficient importance to require an injunction against its enforcement until the cause could be heard on its merits; for if he had not reached that conclusion he would not have granted any injunction. The city council has not appealed, and, therefore, this Court cannot review the conclusion of the Circuit Judge, that a *prima facie* case had been made, showing the necessity of interference of the Court by injunction, in order to protect the plaintiff from irreparable injury.

The sole question then is, whether under the pleadings and affidavit there was any ground for enjoining the plaintiff from "carrying on the business of green grocer—that is to say, more particularly, selling meat in the city of Charleston, until he has complied with the provisions of the said ordinance." No doubt this provision of the order was inserted with the view of protecting the health of the people of the city during the progress of the litigation. But, in deciding the point at issue, it is important to observe that the plaintiff does not deny the right of the city council to have inspected the meat offered by him for sale. Indeed, the power and duty of the city council to have such inspection is too clear to be questioned. The foundation of the action is the denial of the right, asserted by the city council, to require the plaintiff to pay the sum of $57.20 as a fee for such inspection; and the relief sought is an injunction, not

against the inspection, but against the collection of the inspection charge. The temporary injunction, therefore, could not prevent the inspection of the meat offered for sale; and, therefore, could not imperil the health of any of the citizens or interfere in any manner with the city government, except to the extent of withholding from the city treasury the fee of $57.20 per annum, pending the litigation. The requirement that the plaintiff should close up his business during the litigation was, therefore, not only beyond the scope of the pleadings, but entirely unnecessary to the protection of the health of the city or the preservation of the rights claimed by the city council. Evidently the ultimate loss of the inspection fees was the only risk to which the city council or the municipal public could be subjected from the order of injunction in favor of the plaintiff; and the city council would have been made secure against this risk by the insertion in the order of the usual statutory requirement for an injunction undertaking to be given by the plaintiff.

The judgment of this Court is, that the order of injunction appealed from be modified by striking out so much thereof as enjoins the plaintiff, and by providing that until the hearing of the cause on its merits the city council of Charleston, S. C., be enjoined from enforcing against T. L. Grant the collection of the inspection fees provided for by the ordinance of 23d February, 1904, upon the plaintiff, T. L. Grant, entering into an undertaking, with one or more sureties, to be approved by the clerk of the Court of Common Pleas for Charleston county, to the effect that he will pay to the city council of Charleston such damages, not exceeding five hundred dollars, as the city council of Charleston may sustain by reason of the injunction, if the Court shall finally decide that the said T. L. Grant is not entitled thereto.